AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241

### Instructions

1. **Who Should Use This Form**.  You should use this form if
   - you are a federal prisoner and you wish to challenge the way your sentence is being carried out (*for example, you claim that the Bureau of Prisons miscalculated your sentence or failed to properly award good time credits*);
   - you are in federal or state custody because of something other than a judgment of conviction (*for example, you are in pretrial detention or are awaiting extradition*); or
   - you are alleging that you are illegally detained in immigration custody.

2. **Who Should Not Use This Form**.  You should not use this form if
   - you are challenging the validity of a federal judgment of conviction and sentence (*these challenges are generally raised in a motion under 28 U.S.C. § 2255*);
   - you are challenging the validity of a state judgment of conviction and sentence (*these challenges are generally raised in a petition under 28 U.S.C. § 2254*); or
   - you are challenging a final order of removal in an immigration case (*these challenges are generally raised in a petition for review directly with a United States Court of Appeals*).

3. **Preparing the Petition**.  The petition must be typed or neatly written, and you must sign and date it under penalty of perjury.  **A false statement may lead to prosecution.**

4. **Answer all the questions.**  You do not need to cite law.  You may submit additional pages if necessary.  If you do not fill out the form properly, you will be asked to submit additional or correct information.  If you want to submit any legal arguments, you must submit them in a separate memorandum.  Be aware that any such memorandum may be subject to page limits set forth in the local rules of the court where you file this petition.  If you attach additional pages, number the pages and identify which section of the petition is being continued.  All filings must be submitted on paper sized 8½ by 11 inches.  **Do not use the back of any page.**

5. **Supporting Documents**.  In addition to your petition, you must send to the court a copy of the decisions you are challenging and a copy of any briefs or administrative remedy forms filed in your case.

6. **Required Filing Fee**.  You must include the $5 filing fee required by 28 U.S.C. § 1914(a).  If you are unable to pay the filing fee, you must ask the court for permission to proceed in forma pauperis – that is, as a person who cannot pay the filing fee – by submitting the documents that the court requires.

7. **Submitting Documents to the Court**.  Mail your petition and ____ copies to the clerk of the United States District Court for the district and division in which you are confined.  For a list of districts and divisions, see 28 U.S.C. §§ 81-131.  All copies must be identical to the original.  Copies may be legibly handwritten.

   If you want a file-stamped copy of the petition, you must enclose an additional copy of the petition and ask the court to file-stamp it and return it to you.

8. **Change of Address**.  You must immediately notify the court in writing of any change of address.  If you do not, the court may dismiss your case.

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
### for the
### Northern District of New York

| | |
|---|---|
| Esteban Martinez Noguez | ) |
| | ) |
| | ) |
| _____ | ) |
| *Petitioner* | ) |
| Tom BROPHY, Field Office Director of Enforcement and Removal | ) |
| Operations, Field Office, Immigration and Customs Enforcement; | ) |
| Kristi NOEM, Secretary, U.S. Department of Homeland Security; U.S. | ) |
| DEPARTMENT OF HOMELAND SECURITY; Pamela BONDI, | ) |
| U.S. Attorney General; EXECUTIVE OFFICE FOR IMMIGRATION | ) |
| REVIEW | ) |

Case No. _____
*(Supplied by Clerk of Court)*

*Respondent*
*(name of warden or authorized person having custody of petitioner)*

## PETITION FOR A WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241
### Personal Information

1. (a)  Your full name:    Esteban Martinez Noguez

   (b)  Other names you have used: _____

2. Place of confinement:

   (a)  Name of institution:    Broome County Correctional Facility

   (b)  Address:    155 Lt. VanWinkle Drive

   Binghamton, NY 13905

   (c)  Your identification number:    A 241-112-462

3. Are you currently being held on orders by:

   ☒ Federal authorities        ☐ State authorities        ☐ Other - explain: _____

4. Are you currently:

   ☐ A pretrial detainee (waiting for trial on criminal charges)

   ☐ Serving a sentence (incarceration, parole, probation, etc.) after having been convicted of a crime

   If you are currently serving a sentence, provide:

   (a)  Name and location of court that sentenced you: _____

   (b)  Docket number of criminal case: _____

   (c)  Date of sentencing: _____

   ☒ Being held on an immigration charge

   ☐ Other *(explain)*: _____

### Decision or Action You Are Challenging

5. What are you challenging in this petition:

   ☐ How your sentence is being carried out, calculated, or credited by prison or parole authorities (for example, revocation or calculation of good time credits)

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

❒ Pretrial detention

☒ Immigration detention

❒ Detainer

❒ The validity of your conviction or sentence as imposed (for example, sentence beyond the statutory
   maximum or improperly calculated under the sentencing guidelines)

❒ Disciplinary proceedings

❒ Other *(explain):* _____

_____
_____

6.      Provide more information about the decision or action you are challenging:

(a)  Name and location of the agency or court:  EOIR, Ulster Immigration Court, IJ Charles Ouslander

_____

(b)  Docket number, case number, or opinion number:    A 221-290-887 (bond proceedings)

(c)  Decision or action you are challenging *(for disciplinary proceedings, specify the penalties imposed)*:

_____
_____

(d)  Date of the decision or action:    12/29/2025

## Your Earlier Challenges of the Decision or Action

7.      **First appeal**

Did you appeal the decision, file a grievance, or seek an administrative remedy?

❒ Yes              ☒ No

(a)  If "Yes," provide:

(1)  Name of the authority, agency, or court:  _____

_____

(2)  Date of filing:  _____

(3)  Docket number, case number, or opinion number:  _____

(4)  Result:  _____

(5)  Date of result:  _____

(6)  Issues raised:  _____

_____
_____
_____
_____
_____

(b)  If you answered "No," explain why you did not appeal:   The Board of Immigration Appeals takes very long
   to adjudicate appeals, and its current policy is to ignore the ruling in Maldonado Bautista

_____

8.      **Second appeal**

After the first appeal, did you file a second appeal to a higher authority, agency, or court?

❒ Yes              ❒ No

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

    (a)  If "Yes," provide:

        (1)  Name of the authority, agency, or court: _____

_____

        (2)  Date of filing: _____

        (3)  Docket number, case number, or opinion number: _____

        (4)  Result: _____

        (5)  Date of result: _____

        (6)  Issues raised: _____

_____

_____

_____

_____

_____

_____

    (b)  If you answered "No," explain why you did not file a second appeal: _____

_____

9.    **Third appeal**

    After the second appeal, did you file a third appeal to a higher authority, agency, or court?

    ❏ Yes        ❏ No

    (a)  If "Yes," provide:

        (1)  Name of the authority, agency, or court: _____

_____

        (2)  Date of filing: _____

        (3)  Docket number, case number, or opinion number: _____

        (4)  Result: _____

        (5)  Date of result: _____

        (6)  Issues raised: _____

_____

_____

_____

_____

_____

_____

    (b)  If you answered "No," explain why you did not file a third appeal: _____

_____

10.    **Motion under 28 U.S.C. § 2255**

    In this petition, are you challenging the validity of your conviction or sentence as imposed?

    ❏ Yes        ❏ No

    If "Yes," answer the following:

    (a)    Have you already filed a motion under 28 U.S.C. § 2255 that challenged this conviction or sentence?

        ❏ Yes        ❏ No

AO 242 (Rev. 09/17) Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

If "Yes," provide:

(1) Name of court: _____

(2) Case number: _____

(3) Date of filing: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

_____

_____

(b)    Have you ever filed a motion in a United States Court of Appeals under 28 U.S.C. § 2244(b)(3)(A), seeking permission to file a second or successive Section 2255 motion to challenge this conviction or sentence?

❏ Yes              ❏ No

If "Yes," provide:

(1) Name of court: _____

(2) Case number: _____

(3) Date of filing: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

_____

_____

(c)    Explain why the remedy under 28 U.S.C. § 2255 is inadequate or ineffective to challenge your conviction or sentence: _____

_____

_____

_____

_____

_____

11.    **Appeals of immigration proceedings**

Does this case concern immigration proceedings?

☒ Yes              ❏ No

If "Yes," provide:

(a)    Date you were taken into immigration custody: __10/14/2025__

(b)    Date of the removal or reinstatement order: _____

(c)    Did you file an appeal with the Board of Immigration Appeals?

❏ Yes              ☒ No

          If "Yes," provide:

          (1) Date of filing: _____

          (2) Case number: _____

          (3) Result: _____

          (4) Date of result: _____

          (5) Issues raised: _____

_____

_____

_____

_____

(d)      Did you appeal the decision to the United States Court of Appeals?

❏ Yes        ☒ No

If "Yes," provide:

(1) Name of court: _____

(2) Date of filing: _____

(3) Case number: _____

(4) Result: _____

(5) Date of result: _____

(6) Issues raised: _____

_____

_____

_____

_____

12.    **Other appeals**

Other than the appeals you listed above, have you filed any other petition, application, or motion about the issues raised in this petition?

❏ Yes        ☒ No

If "Yes," provide:

(a) Kind of petition, motion, or application: _____

(b) Name of the authority, agency, or court: _____

(c) Date of filing: _____

(d) Docket number, case number, or opinion number: _____

(e) Result: _____

(f) Date of result: _____

(g) Issues raised: _____

_____

_____

_____

_____

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Grounds for Your Challenge in This Petition

13.   State every ground (reason) that supports your claim that you are being held in violation of the Constitution, laws, or treaties of the United States.  Attach additional pages if you have more than four grounds.  State the facts supporting each ground.  Any legal arguments must be submitted in a separate memorandum.

**GROUND ONE**:  Petitioner is a member of class in Maldonado Bautista

(a)  Supporting facts *(Be brief.  Do not cite cases or law.)*:

Petitioner entered the US without inspection around 1997

Petitioner was not detained upon entry

Petitioner has not been convicted or charged with any crime, Petitioner has no removal order

(b)  Did you present Ground One in all appeals that were available to you?

☒ Yes              ☐ No

**GROUND TWO**:  The Immigration Judge and Department of Homeland Security ignored Maldonado Bautista

(a)  Supporting facts *(Be brief.  Do not cite cases or law.)*:

The Immigration Judge ignored the decision in Maldonado Bautista and found he lacked jurisdiction.

(b)  Did you present Ground Two in all appeals that were available to you?

☒ Yes              ☐ No

**GROUND THREE**:  Petitioner is not a flight risk or a danger to society

(a)  Supporting facts *(Be brief.  Do not cite cases or law.)*:

Petitioner submitted documents demonstrating his community ties and he has not criminal record

(b)  Did you present Ground Three in all appeals that were available to you?

☒ Yes              ☐ No

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

**GROUND FOUR**: _____

_____

_____

_____

(a)  Supporting facts *(Be brief.  Do not cite cases or law.)*:

_____

_____

_____

_____

_____

_____

(b)  Did you present Ground Four in all appeals that were available to you?

❏ Yes                    ❏ No

14.    If there are any grounds that you did not present in all appeals that were available to you, explain why you did
not: _____

_____

_____

_____

### Request for Relief

15.  State exactly what you want the court to do:    Order immediate release from ICE custody, or alternatively,
order the immigration court to conduct a bond hearing.

_____

_____

_____

AO 242 (Rev. 09/17)  Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241

## Declaration Under Penalty Of Perjury

If you are incarcerated, on what date did you place this petition in the prison mail system:

I declare under penalty of perjury that I am the petitioner, I have read this petition or had it read to me, and the information in this petition is true and correct.  I understand that a false statement of a material fact may serve as the basis for prosecution for perjury.

Date:    01/06/2025

_____
*Signature of Petitioner*

*Andrew C. Russell*
_____
*Signature of Attorney or other authorized person, if any*

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

Esteban MARTINEZ NOGUEZ,

                            Petitioner,

            v.

Tom BROPHY, Field Office Director of
Enforcement and Removal Operations, Field
Office, Immigration and Customs Enforcement;
Kristi NOEM, Secretary, U.S. Department of
Homeland Security; U.S. DEPARTMENT OF
HOMELAND SECURITY; Pamela BONDI,
U.S. Attorney General; EXECUTIVE OFFICE
FOR IMMIGRATION REVIEW,

                          Respondents.

Case No.

**VERIFIED PETITION FOR A WRIT
OF HABEAS CORPUS**

# INTRODUCTION

1.      Petitioner Esteban Martinez Noguez brings this petition for a writ of habeas corpus to seek enforcement of their rights as members of the Bond Denial Class certified in *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM (C.D. Cal.) Petitioner is in the physical custody of Respondents at the Broome County Correctional Facility. He now faces unlawful detention because the Department of Homeland Security (DHS) and the Executive Office for Immigration Review (EOIR) have refused to abide by the declaratory judgment issued on behalf of the certified class in *Maldonado Bautista v. Santacruz*.

2.      On November 20, 2025, the district court granted partial summary judgment on behalf of individual plaintiffs and on November 25, 2025, certified a nationwide class and extended declaratory judgment to the certified class. *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, --- F. Supp. 3d ----, 2025 WL 3289861, at *11 (C.D. Cal. Nov. 20, 2025) (order granting partial summary judgment to named Plaintiffs-Petitioners); *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, --- F. Supp. 3d ----, 2025 WL 3288403, at *9 (C.D. Cal. Nov. 25, 2025) (order certifying Plaintiffs-Petitioners' proposed nationwide Bond Eligible Class, incorporating and extending declaratory judgment from Order Granting Petitioners' Motion for Partial Summary Judgment).

3.      The declaratory judgment held that the Bond Denial Class members are detained under 8 U.S.C. § 1226(a), and thus may not be denied consideration for release on bond under § 1225(b)(2)(A). *Maldonado Bautista*, 2025 WL 3289861, at *11.

4.      Nonetheless, the Executive Office for Immigration Review and its subagency the Immigration Court and the Department of Homeland Security (DHS) have blatantly refused to

abide by the declaratory relief and have unlawfully ordered that Petitioner be denied the opportunity to be released on bond.

5. Petitioner is a member of the Bond Eligible Class, as he:

a. does not have lawful status in the United States and is currently detained at the Broome County Correctional Facility. Petitioner was apprehended by immigration authorities on [10/14/2025];

b. entered the United States without inspection in 1997 and was not apprehended upon arrival, *cf. id.*; and was not apprehended. He was issued an NTA after he was detained by immigration authorities.

c. is not detained under 8 U.S.C. § 1226(c), § 1225(b)(1), or § 1231.

6. After apprehending Petitioner on [10/14/2025], the DHS placed him in removal proceedings pursuant to 8 U.S.C. § 1229a. DHS has charged Petitioner as being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i), as someone who entered the United States without inspection and 8 U.S.C. § 1182(a)(7)(A)(i)(I) as someone who is not in possession of a valid unexpired immigrant visa.

7. The Court should expeditiously grant this petition.

8. Respondents are bound by the judgment in *Maldonado Bautista*, as it has the full "force and effect of a final judgment." 28 U.S.C. § 2201(a). Nevertheless, Respondents continue to flagrantly defy the judgment in that case and continue to subject Petitioner to unlawful detention despite his clear entitlement to consideration for release on bond as a Bond Eligible Class member.

9. Immigration judges have informed class members in bond hearings that they have been instructed by "leadership" that the declaratory judgment in *Maldonado Bautista* is not controlling, even with respect to class members, and that instead IJs remain bound to follow the agency's prior decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).

10.    Because Respondents are detaining Petitioner in violation of the declaratory judgment issued in *Maldonado Bautista,* the Court should accordingly order that within one day, Respondent DHS must release Petitioner.

11.    Alternatively, the Court should order Petitioner's release unless Respondents provide a bond hearing under 8 U.S.C. § 1226(a) within seven days.

## JURISDICTION

12.    Petitioner is in the physical custody of Respondents. Petitioner is detained at the Broome County Correctional Facility.

13.    This Court has jurisdiction under 28 U.S.C. § 2241(c)(5) (habeas corpus), 28 U.S.C. § 1331 (federal question), and Article I, section 9, clause 2 of the United States Constitution (the Suspension Clause).

14.    This Court may grant relief pursuant to 28 U.S.C. § 2241, the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, and the All Writs Act, 28 U.S.C. § 1651.

## VENUE

15.    Pursuant to *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493-500 (1973), venue lies in the United States District Court for the Northern District of New York, the judicial district in which Petitioner currently is detained.

16.    Venue is also properly in this Court pursuant to 28 U.S.C. § 1391(e) because Respondents are employees, officers, and agencies of the United States, and because a substantial part of the events or omissions giving rise to the claims occurred in the Northern District of New York.

## REQUIREMENTS OF 28 U.S.C. § 2243

1    17.    The Court should grant the petition for writ of habeas corpus "forthwith," as the

2    legal issues have already been resolved for class members in *Maldonado Bautista*.

3    18.    Habeas corpus is "perhaps the most important writ known to the constitutional

4    law . . . affording as it does a *swift* and imperative remedy in all cases of illegal restraint or

5    confinement." *Fay v. Noia*, 372 U.S. 391, 400 (1963) (emphasis added). "The application for the

6    writ usurps the attention and displaces the calendar of the judge or justice who entertains it and

7    receives prompt action from him within the four corners of the application." *Yong v. I.N.S.*, 208

8    F.3d 1116, 1120 (9th Cir. 2000) (citation omitted).

9                                          **PARTIES**

10    19.    Petitioner is a citizen of Mexico who has been in immigration detention since

11    10/14/2025. After Petitioner was arrested in New York, ICE did not set bond, and Petitioner

12    requested review of his custody by an Immigration Judge. On 12/29/2025, Petitioner was denied

13    bond by an IJ at the Ulster Immigration Court because he was deemed an "applicant for

14    admission" under Matter Yajure Hurtado. Petitioner has resided in the United States since 1997.

15    20.    Respondent Tom Brophy is the Director of the Buffalo Field Office of ICE's

16    Enforcement and Removal Operations division. As such, Mr. Brophy is Petitioner's immediate

17    custodian and is responsible for Petitioner's detention and removal. He is named in his official

18    capacity.

19    21.    Respondent Kristi Noem is the Secretary of the Department of Homeland

20    Security. She is responsible for the implementation and enforcement of the Immigration and

21    Nationality Act (INA), and oversees ICE, which is responsible for Petitioner's detention. Ms.

22    Noem has ultimate custodial authority over Petitioner and is sued in her official capacity.

23

24

22.     Respondent Department of Homeland Security (DHS) is the federal agency responsible for implementing and enforcing the INA, including the detention and removal of noncitizens.

23.     Respondent Pamela Bondi is the Attorney General of the United States. She is responsible for the Department of Justice, of which the Executive Office for Immigration Review and the immigration court system it operates is a component agency. She is sued in her official capacity.

24.     Respondent Executive Office for Immigration Review (EOIR) is the federal agency responsible for implementing and enforcing the INA in removal proceedings, including for custody redeterminations in bond hearings.

**CLAIM FOR RELIEF**
**Violation of the INA:**
**Request for Relief Pursuant to *Maldonado Bautista***

25.      Petitioner repeats, re-alleges, and incorporates by reference each and every allegation in the preceding paragraphs as if fully set forth herein.

26.     As a member of the Bond Eligible Class, Petitioner is entitled to consideration for release on bond under 8 U.S.C. § 1226(a).

27.     The order granting partial summary judgment in *Maldonado Bautista* holds that Respondents violate the INA in applying the mandatory detention statute at § 1225(b)(2) to class members.

28.     The order granting class certification in *Maldonado Bautista* further orders that "[w]hen considering this determination with the MSJ Order, the Court extends the same declaratory relief granted to Petitioners to the Bond Eligible Class as a whole."

29.     Respondents are parties to *Maldonado Bautista* and bound by the Court's declaratory judgment, which has the full "force and effect of a final judgment." 28 U.S.C. § 2201(a).

30.    By denying Petitioner a bond hearing under § 1226(a) and asserting that he is subject to mandatory detention under § 1225(b)(2), Respondents violate Petitioner's statutory rights under the INA and the Court's judgment in *Maldonado Bautista*.

**PRAYER FOR RELIEF**

WHEREFORE, Petitioner prays that this Court grant the following relief:

a.    Assume jurisdiction over this matter;

b.    Issue a writ of habeas corpus requiring that within one day, Respondents release Petitioner;

c.    Award Petitioner attorney's fees and costs under the Equal Access to Justice Act (EAJA), as amended, 28 U.S.C. § 2412, and on any other basis justified under law; and

d.    Grant any other and further relief that this Court deems just and proper.

DATED 01/06/2025.

*Andrew C. Russell*
_____

Andrew C. Russell, Esq.

*Attorney for Petitioner*



**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**ULSTER IMMIGRATION COURT**

Respondent Name:

    MARTINEZ-NOGUEZ, ESTEBAN

To:

    Russell, Andrew Charles
    400 Market Street
    Newark, NJ 07105

A-Number:
241-112-462
Riders:
In Custody Redetermination Proceedings

Date:
12/29/2025

## ORDER OF THE IMMIGRATION JUDGE

The respondent requested a custody redetermination pursuant to 8 C.F.R. § 1236. After full consideration of the evidence presented, the respondent's request for a change in custody status is hereby ordered:

☑ Denied, because

☐ Granted. It is ordered that Respondent be:
    ☐ released from custody on his own recognizance.
    ☐ released from custody under bond of $
    ☐ other:

☑ Other:
    On September 5, 2025, the Board issued a precedential decision in Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025), which found as a matter of law that all aliens present in the United States without admission may only be subject to detention under INA 235(b), and never under INA 236. Therefore, the Immigration Courts have no jurisdiction over bond proceedings for aliens present in the United States without admission.

    On November 20, 2025, the Central District of California granted an order for summary judgment in part in the case of Lazaro Maldonado Bautista et el v. Ernesto Santacruz Jr. et. al., 5:cv-01873, finding the BIA and DHSs' interpretation of sections 235 and 236 of the INA to be unlawful as to the named plaintiffs. The Order denied the plaintiffs' request for a final judgment.

    On November 25, 2025, the District Court granted class certification in Bautista v. Santacruz to include "All noncitizens of the United States without lawful status who

(1) have entered or will enter the United States without inspection; (2) were not or will not be apprehended upon arrival; and (3) are not or will not be subject to detention under [INA 236(c)] or [241] at the time the Department of Homeland Security makes and initial custody determination." On December 18, 2025, the District Court entered a final judgement as to several claims in the Amended Complaint of the Plaintiffs and vacated interim policy guidance provided by the Department of Homeland Security regarding its detention authority. Respondent previously had withdrawn a prior bond request.

The recent District Court order is not an injunction and does not purport to vacate, stay, or enjoin Matter of Yajure Hurtado. Accordingly, the Court finds that Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025), remains in effect and this Court does not have jurisdiction over these bond proceedings.

*Charles Ouslander*

Immigration Judge: Ouslander, Charles 12/29/2025

Appeal:  Department of Homeland Security: ☑ waived  ☐ reserved
         Respondent: ☐ waived  ☑ reserved

Appeal Due:

## Certificate of Service

This document was served:
Via: [ M ] Mail | [ P ] Personal Service | [ E ] Electronic Service | [ U ] Address Unavailable
To: [ ] Alien | [ ] Alien c/o custodial officer | [ E ] Alien atty/rep. | [ E ] DHS
Respondent Name : MARTINEZ-NOGUEZ, ESTEBAN | A-Number : 241-112-462
Riders:
Date: 12/29/2025 By: Ferro, Lisa, Court Staff

**ANDREW C. RUSSELL, ESQ.**                                    **DETAINED**
**EOIR ID: PP581380**
**ATTORNEY FOR RESPONDENT**
**THE ROMERO FIRM, LLC**
**400 MARKET STREET, 4TH FL**
**NEWARK, NJ  07105**
**TEL. (973) 344-4600**
**FAX (973) 344-4601**

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**
**IMMIGRATION COURT**
**BINGHAMTON, NEW YORK**

|  |  |  |
|---|---|---|
| | : | |
| In the Matter of: | : | |
| | : | |
| **Esteban MARTINEZ-NOGUEZ** | : | File No. **A 241-112-462** |
| | : | |
| In Custody and Bond Proceedings | : | |
| | : | |

Immigration Judge: **Charles Ouslander**          Next Hearing Date: **December 19, 2025**

United States Immigration Court
155 LT VANWINKLE DRIVE
BINGHAMTON, NY 13905

# MOTION FOR BOND HEARING

## MOTION FOR BOND HEARING

Respondent, Esteban Martinez Noguez [hereinafter "Respondent], through his undersigned counsel, respectfully moves this Honorable Court to conduct a bond redetermination hearing at its earliest convenience. And as grounds for this request, his motion states as follows:

1. Respondent is currently detained at Buffalo Federal Detention Facility, located at 4250 Federal Dr, Batavia, NY 14020. His next Master Hearing is scheduled on December 19, 2025 at 8:30AM.

2. Respondent respectfully requests that he be heard regarding bond before the Honorable Court.

3. Respondent has strong ties to the community and is not a flight risk.

4. Respondent is also not a danger to society.

**WHEREFORE**, it is respectfully requested that the Respondent be scheduled for a bond redetermination hearing.

Executed on: December 19, 2025

Respectfully Submitted,

*Andrew Russell*
_____
Andrew C. Russell Esq.
*Attorney for Respondent*